UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROBERTO MERCEDES,

                              **Plaintiff,**

        -against-

BUILDING SERVICE 32BJ,

                              **Defendant.**

------------------------------------------------------------------X

14-CV-00713 (PAC)(SN)

REPORT AND RECOMMENDATION

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE PAUL A. CROTTY:**

      On or about January 21, 2014, plaintiff Roberto Mercedes, proceeding *pro se,* filed this action in Civil Court of the City of New York, County of New York. He seeks a distribution of benefits from Building Service 32BJ Supplemental Retirement Savings Fund (misnamed "Building Service 32BJ" in the complaint). On February 4, 2014, defendant removed the case to this Court based on federal question jurisdiction under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and has now moved to dismiss the case for failure to state a claim. Because I find that plaintiff cannot state a viable claim for an early distribution of retirement benefits, I recommend that defendant's motion be GRANTED. Because the plaintiff cannot cure the defects in his complaint, leave to amend should not be granted.

**BACKGROUND**

**I.     Procedural History**

After the defendant filed its answer, the Court held an initial pretrial conference on March 6, 2014. Mercedes appeared without counsel but with a friend who assisted him by translating the conference from English to Spanish. At the conference, the defendant informed the Court that it intended to file a motion for judgment on the pleadings because Mercedes was ineligible to seek an early distribution from his employee retirement plan. The Court encouraged Mercedes to meet with his union representative or retirement plan representative to discuss his allegations and defendant's argument in order to assess whether his case was viable. Mercedes was then directed to communicate with defense counsel as to whether he intended to continue to prosecute the case. Mercedes also requested that the Court appoint him *pro bono* counsel.

Mercedes never contacted defense counsel and, on April 3, 2014, defendant filed its motion for judgment on the pleadings.[1] On April 8, the Court granted Mercedes *pro bono* counsel "for the limited purpose of providing legal advice to the plaintiff in connection with the opposition to the defendant's motion to dismiss." (Doc. No. 14.) The Clerk of Court advised the Court that limited purpose *pro bono* counsel was located and, in fact, such counsel met with Mercedes and discussed his case. The Court was further advised that Mercedes intended to contact the Court concerning his intention as to whether to prosecute this case. No letter or further communication was, however, forthcoming.

---

[1] Although designated a motion to dismiss, the Court construes the motion to be a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure because an answer has already been filed. Fed. R. Civ. P. 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."). The standard for both types of motions is the same. See Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) ("In deciding a Rule 12(c) motion, we employ[ ] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." (citation and quotation marks omitted; alteration in original)).

Since granting limited purpose *pro bono* counsel, the Court has three times directed Mercedes to submit a letter to the Court indicating whether he intends to dismiss voluntarily his action or oppose the motion. The last such order gave Mercedes until June 30, 2014, to notify the Court of his intentions. The Court, having heard nothing from Mercedes, assumes the motion is fully submitted and ready for decision.

## II.     Factual Allegations

The following facts alleged by Mercedes in his pleadings are assumed to be true for the purposes of this motion. See Bryant v. New York State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012). The complaint is brief, stating only that defendant failed to "return" money to Mercedes and did not allow him to access his 401K. (Notice of Removal at 3.) Mercedes demanded a judgment of $25,000, with interest beginning January 13, 2014. (Id.) [2]

Building Service 32BJ Supplemental Retirement Savings Fund (the "Fund") is an ERISA-regulated employee benefit fund whose benefit plan (the "Plan" or "SRSP") allows participants to save and invest for retirement. Mercedes, a 46 year-old employee in the building service industry is a participant in the Fund. At the time of Mercedes's request for early withdrawal, he was actively employed in "covered employment" with ABM.

---

[2] All additional facts are taken from defendant's Memorandum of Law in Support of Motion to Dismiss and Exhibits A-F, attached to the affidavit of Peggy Napier: (1) the Rules and Regulations for Building Service 32BJ Supplemental Retirement Savings Fund (Ex. A); (2) the Supplemental Retirement Savings Plan Summary Plan Description (Ex. B); (3) a letter, dated November 19, 2013, from Mercedes to the Board of Trustees Appeals Committee (Ex. C); (4) a letter to Mercedes, dated December 5, 2013, from a senior compliance analyst at Building Service 32 BJ Benefit Funds (Ex. D); (5) a Supplemental Retirement Savings Plan Distribution Form signed by Mercedes (Ex. E); and (6) a letter, dated February 10, 2014, from Mercer to Mercedes, denying his request for a distribution. The Court considers these documents and the facts contained therein despite the fact that they were not attached to the complaint because Mercedes's 401K was incorporated by reference in the complaint and is essential to Mercedes's claims. Furthermore, all of the remaining documents should be in plaintiff's possession and are documents of which Mercedes had knowledge and relied on in bringing suit. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Distribution of benefits under the Plan can occur in three different circumstances: (1) upon the participant's retirement; (2) upon the participant's death, payment to be made to his beneficiaries; and (3) upon the participant's disability or other "separation from service." (Ex. A § 9.1; Ex. B at 18-19; Ex. D; Ex. F.) At the age of 55, a retired employee may withdraw money from the account without penalty.

By letter to the Fund Trustees Appeals Committee, dated November 19, 2013, Mercedes requested a $30,000 distribution from the Plan. In a letter dated December 5, 2013, a senior compliance analyst with the Fund notified Mercedes that he was not eligible to withdraw money because he was still employed with a covered employer, and the Plan did not permit loans or hardship withdrawals. The letter also informed Mercedes that he needed to apply for benefits directly with Mercer, an investment management company. Upon a denial, Mercedes could file an appeal with the Board of Trustees Appeals Committee. On December 28, 2013, Mercedes completed and signed the required distribution form, sending it to Mercer along with an undated letter addressed to the Fund's Appeals Committee. In a letter dated February 10, 2014, Mercer denied Mercedes's application for distribution of benefits because he was still working in covered employment. The letter advised Mercedes of his rights to appeal the denial. Mercedes did not further appeal this decision.

## DISCUSSION

### I. Standard of Review

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion should be granted "if, from the pleadings, the moving party is entitled to judgment as a matter of law." Dargahi v. Honda Lease Trust, 370 F. App'x 172, 174 (2d Cir. 2010) (quoting Burns Int'l Sec. Servs., Inc.

v. Int'l Union, 47 F.3d 14, 16 (2d Cir. 1995)). Under that standard, the Court must take "factual allegations [in the complaint] to be true and draw[ ] all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). The Court's function is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985) (citation omitted). The Court should not dismiss the complaint if the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that [the Court] must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

In determining the sufficiency of a complaint, the Court may consider "the factual allegations in [the] . . . complaint, . . . documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass, 987 F.2d at 150. See Chambers, 282 F.3d at 153 (clarifying that "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion" (alteration in original)). Accordingly, the Court considers the exhibits attached to defendant's motion but not the affidavit of Peggy Napier.

5

When the plaintiff is proceeding *pro se*, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). "Even in a *pro se* case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 170 (citation and quotation marks omitted). Additionally, "failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." Haas v. Commerce Bank, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (citing McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000)). Where the motion to dismiss is unopposed, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall, 232 F.3d at 322-23.

II.     **Sufficiency of Mercedes's Allegations**

   A.  **Legal Standard Under ERISA**

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)) (alterations in original). ERISA's "comprehensive legislative scheme" includes "an integrated system of procedures for enforcement." Massachusetts Mut. Life Ins. v. Russell, 473 U.S. 134, 147 (1985). Section 502(a)(1)(B) of ERISA provides participants or beneficiaries with a civil remedy to recover benefits due under their plans, to enforce rights under their plans, or to clarify rights to future benefits under their plans. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); see also Giordano v. Thomson, 564 F.3d 163, 168 (2d Cir. 2009). "To prevail under § 502(a)(1)(B), a plaintiff must show that: (1) the plan is covered by ERISA; (2) the

6

plaintiff is a participant or beneficiary of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the plan." Guerrero v. FJC Sec. Servs. Inc., 423 F. App'x 14, 16 (2d Cir. 2011) (citing Giordano, 564 F.3d at 168 (internal citations omitted)).

**B. Application**

Mercedes has failed to allege that he was wrongfully denied benefits owed to him under the Plan. The Building Services 32BJ Supplemental Retirement Savings Fund Rules and Regulations permit a payment of benefits under three circumstances: (1) upon the participant's retirement; (2) upon the participant's death; or (3) upon participant's disability or "separation from service." (Ex. A at 27.) The Summary Plan Description also identifies these three circumstances as the only events that permit a payment of benefits. Furthermore, the Summary explicitly states that an employee "may not withdraw money from [his] account while [he] work[s] in covered employment. There are no loans, hardship withdrawals or other in-service withdrawals." (Ex. B at 18.)

Mercedes is 46 years old and currently employed with ABM, a covered employer. Because Mercedes meets none of the qualifications for distribution, *i.e.*, retirement, death, or disability, he is ineligible for a distribution from the Plan. Because the Plan does not permit early withdrawals or hardship loans, Mercedes is not owed a benefit under the Plan at this time. See Chambless v. Masters, Mates & Pilots Pension Plan, 571 F. Supp. 1430, 1440 (S.D.N.Y. 1983) ("[ERISA] gives plaintiff no vested right to receive benefits until he reaches [retirement] age." (quoting Riley v. MEBA Pension Trust, 452 F. Supp. 117, 120 (S.D.N.Y. 1978), aff'd, 586 F.2d 968 (2d Cir. 1978))). Therefore, Mercedes has no claim under Section 502(a)(1)(B) of ERISA

for the wrongful denial of benefits. Accordingly, the Court recommends that defendant's motion for judgment on the pleadings be GRANTED.[3]

### III.     Leave to Amend

The Court recognizes that leave to amend should "be freely given," Fed. R. Civ. P. 15(a), particularly when considering a *pro se* litigant's complaint. See Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014); see also Chavis, 618 F.3d at 170 ("A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") But leave to amend need not be granted where amendment would be futile. See Nielsen, 746 F.3d at 62. Here, there is no indication that Mercedes can cure the defects of his complaint to state a valid claim. Accordingly, amendment would be futile. Therefore, the Court recommends that Mercedes be denied leave to amend his complaint.

### CONCLUSION

For these reasons, I recommend that defendant's motion for judgment on the pleadings be GRANTED WITHOUT LEAVE TO AMEND the complaint.

\*              \*              \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another

---

[3] Defendant also argues that Mercedes's complaint should be dismissed because he failed to exhaust his administrative remedies. Because the Court concludes that Mercedes's complaint fails to state an ERISA claim for owed benefits, the Court does not address the exhaustion issue.

party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Crotty. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         August 20, 2014

cc:   Roberto Mercedes (*By Chambers*)
      2698 8th Avenue, #3C
      New York, NY 10030