UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ROBERTO MERCEDES,

              *Plaintiff*,

    -against-

BUILDING SERVICE 32BJ,

              *Defendant.*

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-26-15

14 Civ. 713 (PAC) (SN)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Roberto Mercedes brought this action against Defendant Building Service 32BJ Supplemental Retirement Savings Fund (the "Fund") for a distribution of benefits, alleging that Defendant had failed to "return money" and was "not allowing me to access my[] 401K." Mercedes, a 46 year-old building service industry employee, is a participant in the Fund, and sought to withdraw $30,000. Mercedes was informed that he was not eligible to withdraw money because he was still employed by a covered employer and the terms of the plan clearly state that loans or withdrawals are not allowed while a participant is still employed.[1] Mercedes originally filed suit in Civil Court of the City of New York, and on February 4, 2014, Defendant removed the case on the grounds that federal question jurisdiction existed under the Employment Retirement Income Security Act of 1974 ("ERISA"). Defendant now moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] For the facts of this case, see Magistrate Judge Netburn's R & R (Dkt. 19).

1

On August 20, 2014, Magistrate Judge Sarah Netburn issued a Report and Recommendation ("R & R") on the motion, construing the motion as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and recommending that the motion be granted. As set forth in the R & R, Magistrate Judge Netburn recommends that Plaintiff's complaint be dismissed because Mercedes is ineligible for a distribution from Defendant's benefit plan. R & R at 6-8. In light of the fact that Mercedes could not show that he was wrongfully denied benefits, Magistrate Judge Netburn found that Mercedes had no claim under Section 502(a)(1)(B) of ERISA. *Id.* at 7-8. Accordingly, Magistrate Judge Netburn did not address Defendant's alternative argument that the Complaint be dismissed because Mercedes failed to exhaust administrative remedies. *Id.* at 8 n.3. Magistrate Judge Netburn also recommends that Mercedes be denied leave to amend the complaint, because "there is no indication that Mercedes can cure the defects of his complaint to state a valid claim." *Id.* at 8.

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes a timely written objection, the district court must review the contested issues *de novo*. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But where no timely objection has been made, the Court may adopt the R & R as long as there is no clear error on the face of the record. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Here, Plaintiff had fourteen days to file written objections to the proposed findings and recommendations, and did not do so. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Accordingly, the Court reviews the R & R for clear error. Having found none, the Court hereby adopts the R & R in full and dismisses the Complaint. The Clerk of Court is directed to enter judgment and close this case.

New York, NY
February 26, 2015

cc: Roberto Mercedes

So ordered

Paul Crotty
USDJ

2